IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WILLIAMS,** *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 10-1044 |
| v. | : | |
| | : | |
| **ARAMARK SPORTS, LLC,** *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **JAMES WILLIAMS,** *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 10-1547 |
| v. | : | |
| | : | |
| **ARAMARK SPORTS, LLC,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 8th day of September, 2011, upon consideration of the Motion for Final Approval of Settlement (Docket No. 30) and following a final fairness hearing on September 6, 2011, in accordance with Federal Rule of Civil Procedure 23, it is hereby ORDERED that the Motion is GRANTED as outlined in this Order and the accompanying Memorandum.

Based on the Court's review of the proposed Confidential Stipulation of Settlement and the submissions of the parties, and having conducted a hearing on the matter, the Court determines as follows:

1.      This action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The class as defined in the Confidential Stipulation of Settlement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of

the Class, and the Class Representative will fairly and adequately protect the interests of the Class.  Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendant has timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4. The Confidential Stipulation of Settlement was arrived at as a result of arms'-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

5. The settlement as set forth in the Confidential Stipulation of Settlement is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. This action satisfies the applicable prerequisites for collective action treatment under the FLSA.  Appropriate "opt-in" language was provided in the Settlement Notice and the members of the collective action are "similarly situated."

7. Thirty class members have excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order. Moreover, any individuals who did not specifically opt in have excluded themselves from the FLSA collective action.

8. The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Confidential Stipulation of Settlement.

9. It is in the best interests of the parties and the Class Members and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Defendant Releasee (as defined by the Confidential Stipulation of Settlement) which in any way relates to the applicability or scope of the Confidential Stipulation of Settlement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

Accordingly, it is ORDERED that:

1. This action is finally certified as a class action against Aramark on behalf of a Class defined as follows:

> All current and former non-administrative employees of ARAMARK Sports, LLC, ARAMARK Corporation, or any other ARAMARK entity, who were classified as hourly and/or non-exempt by ARAMARK and who, according to ARAMARK's time and payroll records, worked at Citizens Bank Park ("CBP"), the Wells Fargo Center, f/k/a Wachovia Center ("Wachovia"), the Wachovia Spectrum ("Spectrum"), and/or Lincoln Financial Field ("LFF") (collectively, "Sports Complex") and received compensation for such work, for more than one Qualifying Workweek (as defined by the Stipulation) between March 5, 2007 and the Preliminary Approval Date, or the estates or other judicially-appointed representatives of such persons. The Class excludes the named plaintiffs in the action captioned *King, et al. v. ARAMARK Sports, LLC, et al.* (E.D. Pa.; Civil Action No. 2:10-cv-02116-GP). The Class also excludes any current or former employees to the extent that they have already released their claims, e.g., current or former employees who have already released all claims falling under the definition of

"Released Federal Law Claims" are excluded from the Class. To the extent that current or former employees have released their claims, but worked for weeks that would otherwise fall under the definition of Qualifying Workweeks, any Qualifying Workweeks after the effective date of the prior release of claims are not excluded.

2. A collective action under the FLSA is also certified using the same class definition and including as collective action members only those who have opted in to the collective action by submitting a claim form.

3. The Confidential Stipulation of Settlement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class, and the parties are directed to consummate the Stipulation in accordance with its terms.

3. This action is hereby dismissed on the merits, with prejudice and without costs.

4. As agreed by the parties in the Confidential Stipulation of Settlement, except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, upon the Effective Date, the Defendant Releasees shall be released from all of the Released State Law Claims, as defined in the Confidential Stipulation of Settlement. Further, as to Collective Action Members, upon the Effective date the Defendant Releasees shall be released from all of the Released Federal Law Claims, as defined in the Confidential Stipulation of Settlement.

5. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Aramark and each member of the Class for any suit,

action, proceeding or dispute arising out of or relating to this Order, the Confidential Stipulation of Settlement or the applicability of the Confidential Stipulation of Settlement. Without limiting the generality of the foregoing, any dispute concerning the Confidential Stipulation of Settlement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Confidential Stipulation of Settlement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

6.   Plaintiff's counsel's reasonable litigation expenses and fees are hereby approved by the Court in the amount of $193,875. The Claim Administrator's reasonable capped fee of $45,000 is also hereby approved.

7.   The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment and then close this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE